UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| ELIZABETH TYREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-11605-RWZ |
| | ) | |
| RAY H. LAHOOD, *Secretary,* | ) | |
| *U.S. Department of Transportation*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

This is a *pro se* Title VII case filed by Elizabeth Tyree, who worked for two years as a Federal Career Intern at the U.S. Department of Transportation's Volpe National Transportation Center ("Volpe Center") in Cambridge, Massachusetts. Plaintiff has moved for leave to amend her complaint by adding allegations concerning alleged discrimination in a training program. The Defendant respectfully requests that the Court deny Plaintiff's motion because the proposed new claim is futile.

**PROCEDURAL HISTORY**

Plaintiff's employment with the Volpe Center ended on February 11, 2011. Comp. (DN 1) ¶ 29. She contacted an EEO counselor on August 10, 2011. Id. ¶ 36; DN 18-3. She filed an administrative complaint of discrimination on November 21, 2011. DN 18-4.

Plaintiff filed her court complaint on August 28, 2012. DN 1. Liberally read, her complaint alleges three claims: (a) that she was terminated on account of her race, gender, and/or national origin; (b) that the Volpe Center failed to pursue a Cooperative Research and

Development Agreement ("CRADA") with Worcester Polytechnic Institute, where Plaintiff was a graduate student, on account of Plaintiff's race, gender, and/or national origin; and (c) that Dr. Michael Geyer of the Volpe Center withheld a reference letter in retaliation for Plaintiff's filing an administrative complaint of discrimination.

On January 8, 2013, Defendant filed a Rule 12(b)(6) motion to dismiss all of Plaintiff claims. DN 17. In her opposition, Plaintiff not only opposed Defendant's motion, she also asserted a new claim: that, after her federal employment ended on February 11, 2011, she participated in a federal training program from which she was terminated in alleged retaliation for contacting an EEO counselor on August 10, 2011. DN 21 at 11-12, 14, 18. With permission from the Court, Defendant filed a reply brief. DN 24. The reply brief specifically addressed Plaintiff's new claim concerning a training program. Id. at 6-8. With permission from the Court (DN 32), Plaintiff filed a sur-reply. DN 25-1.

On April 29, 2013, this Court granted Defendant's motion to dismiss Plaintiff's discriminatory termination claim as well as her retaliation claim. DN 32 at 7, 11. The Court declined to dismiss the CRADA-related discrimination claim. Id. at 9. With regard to Plaintiff's new allegations concerning termination from a training program, the Court held that Plaintiff had failed to state a claim because her "complaint does not include any factual allegations about [Plaintiff]'s termination from the training program." Id. at 11.

On May 13, 2013, Plaintiff filed a motion to amend her complaint by including new allegations concerning the training program. DN 34. The proposed Amended Complaint (DN 34-1) is the same as the original complaint, except for the addition of new paragraphs 40-48.

Defendant filed his answer to the original complaint on May 14, 2013. DN 35.

## ALLEGATIONS SUPPORTING THE PROPOSED NEW CLAIM

While employed for two years at the Volpe Center (February 2009 – February 2011), Plaintiff was also a master's degree student studying aerospace engineering at Worcester Polytechnic Institute ("WPI"). Comp. ¶¶ 3, 6. In paragraphs 40-48 of the proposed Amended Complaint, Plaintiff alleges that: (a) while employed at the Volpe Center, she "entered into a Training Program in Aircraft Wake Turbulence with the Defendant"; (b) "Plaintiff's Master's Thesis research in Aircraft Wake Turbulence is the Training Program provided by the Defendant"; (c) on February 10, 2011, the day before Plaintiff's employment ended, Dr. Michael Geyer of the Volpe Center "gave the Plaintiff permission to continue her research … post employment"; (d) Plaintiff's participation in the training program was involuntarily terminated on December 8, 2011; (e) the termination was motivated by discrimination; and (f) the result is that Plaintiff "cannot graduate" from WPI. DN 34-1, ¶¶ 40, 43, 48.

## ARGUMENT

### 1. The Rule 15(b) Standard

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend her pleading once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff served her complaint on October 11, 2012 (DN 11); twenty-one days have long since passed. Likewise, 21 days have passed since Defendant served his Rule 12(b) motion on January 8, 2013 (DN 17). Therefore, Plaintiff has missed the deadline for amending her complaint as a matter of course, and she must obtain leave of Court to amend. See Fed. R. Civ. P. 15(b).

Although Rule 15(b) provides that "[t]he court should freely give leave when justice so

requires," leave should not be granted if the proposed amendment would be futile or reward undue delay. Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009). A proposed amended complaint is futile if it would not survive a motion to dismiss. See, e.g., Ouch v. Federal Nat'l Mortgage Ass'n, C.A. No. 11-12090-RWZ, 2013 WL 139765, at *5 (D. Mass. Jan. 10, 2013) (denying motion for leave to amend); Arnstein v. MVM, Inc., C.A. No. 12-10666-RWZ, 2012 WL 4863043, at *3 (D. Mass. Oct. 12, 2012) (same).

Plaintiff's motion should be denied because her proposed new claim cannot survive a motion to dismiss, for two reasons.

**2. Plaintiff's Proposed New Claim Is Futile.**

*a. Plaintiff Failed to Exhaust Her Administrative Remedies on the Proposed New Claim.*

Plaintiff failed to contact an EEO counselor within 45 days after the training program was terminated on December 8, 2011, see DN 18-3, and she failed to file a new administrative complaint of discrimination or amend her existing administrative complaint to add this new claim, see DN 18-4. The agency, therefore, was not on notice of a training-program claim and never had the opportunity to investigate it. Accordingly, the proposed new claim cannot survive a Rule 12(b)(6) motion to dismiss. See Velazquez-Ortiz v. Vilsack, 657 F.3d 64, 71 (1st Cir. 2011) ("the scope of the federal court complaint is constrained by the allegations made in the administrative complaint"); Thornton v. UPS, Inc., 587 F.3d 27, 31 (1st Cir. 2009) ("'The scope of the civil complaint is … limited by the charge filed with the [employing agency] and the investigation which can reasonably be expected to grow out of that charge.'") (quoting Powers v. Grinnell Corp., 915 F.2d 34, 38 (1st Cir. 1990)); Morales-Vallellanes v. Potter, 339 F.3d 9, 18 (1st Cir. 2008); e.g., Beaver v. McHugh, 840 F. Supp. 2d 161, 170 (D.D.C. 2012) (granting Army's motion for summary judgment on plaintiff's Title VII claim alleging discriminatory

4

denial of training because plaintiff's administrative complaint alleged only a discriminatory discharge, and plaintiff failed to amend her administrative complaint to add the training claim at any time before the Army completed its investigation). Indeed, when the Department of Transportation issued its final agency decision denying Plaintiff's administrative complaint on December 16, 2011 (*after* the training claim had accrued), and Plaintiff subsequently appealed to the EEOC's Office of Federal Operations, she still neglected to mention a training claim. See Tyree v. LaHood, 2012 WL 2068671, at *1 (EEOC OFO June 1, 2012). Therefore, even the EEOC's Office of Federal Operations – the final administrative reviewer prior to the initiation of a lawsuit – never had the opportunity to consider this claim. See id. Because Plaintiff failed to exhaust her administrative remedies on her proposed new claim, the proposed claim is futile.

> **b.** ***The Proposed New Claim Is Not Actionable Under Title VII Because It Relates to Plaintiff's Role as a Graduate Student, Not Her Former Employment.***

Although this Court has held that Title VII protects former employees "'from discriminatory adverse *employment* actions,'" DN 32 (quoting Gerner v. Cnty of Chesterfield, 674 F.3d 264, 268 (4th Cir. 2012) (emphasis added)), the post-employment termination of the alleged training program was not an adverse *employment* action. It was an adverse action relating to Plaintiff's *education*. Plaintiff has alleged that she was employed by the Volpe Center, through which she presumably was paid and offered employment benefits, *e.g.*, health insurance and paid sick days. She has further alleged that the Volpe Center also offered her the opportunity to perform research in connection with her master's thesis. But this was not an *employment* benefit. Commonly understood, the term "employment benefit" encompasses things like salary, vacation, sick days, on-the-job training, seniority benefits, promotion opportunities,

5

insurance (*e.g.*, health, dental, life, disability), personal leave, family and medical leave, retirement benefits, a reference letter, and severance pay. Indeed, every case located by the undersigned in which a court has extended Title VII's protection to former employees concerned these types of benefits. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 77 (1984) (referring to pension benefits); Gerner, 674 F.3d at 268 (severance package); EEOC v. Beverage Canners, Inc., 897 F.2d 1067, 1071 (11th Cir. 1990) (laid-off employee's right to be rehired).

Graduate students often present a "unique dual role, as potentially both students and employees." Bucklen v. Rensselaer Polytechnic Inst., 166 F. Supp. 2d 721, 725 (N.D.N.Y. 2001). When a graduate student alleges that he/she has suffered an adverse employment action in violation of Title VII, the reviewing court must determine whether the defendant allegedly "took a discriminatory action with regard to [the plaintiff's] status as an employee," or instead made an academic decision having only "a tangential effect on [the plaintiff's] status as an employee." Id. In Bucklen, a graduate student at Rensselaer Polytechnic Institute ("RPI") who also worked as a teaching assistant failed his preliminary examination for his doctoral degree three times and was told he had no recourse but to drop out of the program. He sued RPI under Title VII, alleging national origin and gender discrimination. He argued that he was an employee of the university since he received wages and benefits in exchange for working as a teaching assistant. Id. The court held that, assuming arguendo the plaintiff was an employee of the university, he nevertheless had failed to state a claim under Title VII because he "does not allege discrimination in terms or conditions of his employment but rather discrimination against him in his role as a student." Id. at 726; accord, e.g., Stilley v. University of Pittsburgh, 968 F. Supp. 252, 261 (W.D. Pa. 1996) (holding that the following adverse events were not actionable under Title VII because they related to plaintiff's role as a graduate student and not her role as a

researcher employed by the defendant university: "denial of the opportunity to use her work on the project [on which she was employed as a researcher] to satisfy her dissertation requirement" and "Plaintiff was forced to start over on her dissertation, and change the subject of her dissertation"); see also Bakhtiari v. Lutz, 507 F.3d 1132, 1137 (8th Cir. 2007) (affirming summary judgment against graduate student/teaching assistant who alleged retaliation under Title VII because his alleged protected activity "pertain[ed] to [his] status as a student, … and not as a TA employed by [the defendant university]"); cf. Mandsager v. Univ. of N.C., 269 F. Supp. 2d 662, 673 (M.D.N.C. 2003) (holding that graduate student, who alleged that professor/supervisor's boorish behavior interfered with her responsibilities as an employed research and teaching assistant, stated a sexual harassment claim under Title VII).

Plaintiff does not allege that the Volpe Center's purported decision to terminate her access to research data on aircraft wake turbulence was an adverse employment action, such as decreased severance benefits or a refusal to rehire her. Instead, she alleges that the decision adversely affected her progress in her master's degree program at WPI. More specifically, Plaintiff asserts that, because of the Volpe Center's decision, she "cannot graduate" from WPI. DN 34-1, ¶ 48. Accordingly, Plaintiff's alleged termination from a post-employment research program is not actionable under Title VII.

## CONCLUSION

For both of the above reasons – Plaintiff's failure to exhaust her administrative remedies, and her allegation that her termination from the research program adversely affected her progress in her master's degree program at WPI rather than her employment at the Volpe Center – Plaintiff's proposed new claim is futile and the Court should deny Plaintiff's motion for leave to amend her complaint.

7

Respectfully submitted,

RAY H. LAHOOD
Secretary of Transportation

By his attorney,

CARMEN M. ORTIZ
United States Attorney

By: */s/ Christine J. Wichers*
Christine J. Wichers
Assistant U.S. Attorney
John J. Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210
(617) 748-3278
christine.wichers@usdoj.gov

Date: May 16, 2013

**Certificate of Service**

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on May 16, 2013.

*/s/ Christine J. Wichers*
Christine J. Wichers