UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELIZABETH TYREE<br><br>Plaintiff,<br><br>v.<br><br>RAY H. LAHOOD, Secretary,<br>United States Department of<br>Transportation Agency<br><br>Defendant. | CIVIL ACTION NO. 1:12-CV-11605 RWZ<br><br>**ORAL ARGUMENT REQUESTED** |

## MOTION TO COMPEL DEFENDANT'S FURTHER RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION FROM DEFENDANT RAY H. LAHOOD, SECRETARY, UNITED STATES DEPARTMENT OF TRANSPORTATION AGENCY

Pursuant to Rules 26.2(b), 26.2(c), 33(a) and 37(a) of the Federal Rules of Civil Procedure, Pro Se Plaintiff Elizabeth Tyree, move the court for an order requiring the Defendant Ray H. LaHood to fully and completely answer the following:

1) Plaintiffs' First Set of Interrogatories and Document Request served on July 10th, 2013.

2) Plaintiff's Second Documents Request served on August 2nd, 2013.

3) Plaintiff's Third Document request served on August 6th, 2013.

4) Plaintiff's Fourth Document request served on August 30th, 2013.

To date the Plaintiff has served the Defendant with a total of 7 Interrogatories and a combined total of 14 Document Requests. The Plaintiff has specifically received only one sufficient answer to an

interrogatory (after conferring with Defendant's counsel) and Zero Documents, not including initial disclosures. The Defendant has only provided boilerplate objections and insufficient responses for all other production requests.

The Defendant's failure to properly and thoroughly answer the Plaintiff's interrogatories and production requests has hampered the Plaintiff's discovery, preventing it from setting and preparing for depositions. Consequently, the Plaintiff respectfully asks this Court to order the Defendant's prompt and complete response to the Plaintiff's First Request for interrogatories and requests for Production by a date certain so that fact discovery can be completed in a timely manner. Discovery is scheduled to end on October 31st, 2013.

## Plaintiff's First Set of Interrogatories

1. Interrogatory No. 1 and 2

The Defendant's answers to these Interrogatory questions are insufficient. The Defendant answered each interrogatory only with an objection to the request as "being irrelevant to any claim or defense". The Defendant thus failed to adequately answer the questions and provided no further information or explanation to these interrogatories in their response.

2. Interrogatory No. 3

The Defendant objected to this interrogatory and gave an insufficient and too narrowly focused answer. The Defendant is ignoring the depth and breadth of the request along with the relevant and discoverable information the request is asking for. Instead, the Defendant chose to respond with only partial information related to 2 CRADA's and ignored of all relevant agreements the request was asking for. For example, the defendant gave a non-answer for subpart (e) which asks for the duration of time it took each agreement to be approved\turnaround from the initial point of contact to date it was signed.

The Defendant only gave the turnaround time from when the Statement of work was received to the date it was signed and did not provide the duration of time from the initial point of contact among other things.

3. Interrogatory No. 4

Similarly to Interrogatory No. 3 the Defendant objected to the interrogatory and gave an answer that was insufficient, too narrowly focused, leaves out relevant and discoverable information about other agreements.

4. Interrogatory No. 5

Defendant objected to the interrogatory and gave an answer that was insufficient, and too narrowly focused.

With respect to document production, to date the Defendant has only provided objections and has not provided a single requested Document.

## Plaintiff's First Document Request

5. Document Request No. 1 – From First Request (There was only one request initially.)

Defendant provided a boilerplate objection and failed to provide documents in their possession.

## Plaintiff's Second Document Request

6. Document Request No. 1, 2, 3, and 4 – From Second Request

Defendant provided only boilerplate objections and failed to provide documents in their possession.

## Plaintiff's Third Document Request

7. Document Request No. 1, 2, 3, 4, 5, and 6 – From Third Request

Defendant provided a general objection referring to Local Rule 26.1(C) and stated that the Defendant will not respond to any further document request without a court order directing it to do so. The Defendant then proceeded to respond specifically to each request with boilerplate objections and failed to provide documents in their possession.

## Plaintiff's Fourth Document Request

8. Document Request No. 1, 2, 3, and 4 – From Fourth Request

The Defendant has not responded to the fourth document request. From conferring with Defendant's counsel on September 13th, 2013 it was confirmed that the Defendant will not respond to the fourth document request without a court order.

In support of this motion, the Plaintiff refers the Court to her supporting brief filed herewith, which demonstrates the objections to such interrogatories and document requests are without merit and that the Plaintiff is entitled to the information sought therein.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to MA Local Rule 7.1(d), the Plaintiff respectfully request oral argument on this motion. The Plaintiff believes that an oral argument with respect to this motion may be of assistance to the Court.

**CERTIFICATE OF CONSULTATION**

Pro Se Plaintiff Elizabeth Tyree certifies that she has conferred with defendant's counsel Ms. Christina Wichers. Conference was conducted via telephone on Friday, September 13th 2013 at 10:10am and

have attempted in good faith to resolve or narrow the issues raised in this motion. No issues raised in this motion have been resolved.

Respectfully submitted,

Elizabeth Tyree
Pro Se Plaintiff
106 Sixth St.
Cambridge, MA 02141
617-962-3622
Eli.Tyree@gmail.com

Dated: 09/27/2013

## CERTIFICATE OF SERVICE

This document will be mailed to the Defendant's Counsel via United States Postal Service Certified Mail on September 27, 2013.

By: Elizabeth Tyree
Pro Se Plaintiff

Dated: 09/27/2013