UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH TYREE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-11605-RWZ |
| ) | |
| RAY H. LAHOOD, *Secretary,* ) | |
| *U.S. Department of Transportation*, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO THE AMENDED COMPLAINT

The defendant, Ray H. LaHood, answers as follows the factual allegations in the numbered paragraphs of the Amended Complaint relating to the only two claims still pending: that Plaintiff was discriminated on the basis of race, gender, and/or national origin in connection with (1) a potential Cooperative Research and Development Agreement ("CRADA") between the Volpe Center and Worcester Polytechnic Institute ("WPI), and (2) an alleged post-employment training program.

1.      Defendant is without knowledge or information sufficient to admit or deny the allegations contained in the first sentence of paragraph 1 of the Amended Complaint.  Defendant admits the factual allegations contained in the second sentence of paragraph 1 of the Amended Complaint.

2.      Admitted.

3.      The allegations contained in paragraph 3 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

4.	The allegations contained in paragraph 4 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

5.	The allegations contained in paragraph 5 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

6.	The allegations contained in paragraph 6 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

7.	Admitted.

8.	The allegations contained in paragraph 8 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

9.	The allegations contained in paragraph 9 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

10.	The allegations contained in paragraph 10 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

11.	The allegations contained in paragraph 11 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

12.	The allegations contained in paragraph 12 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

13.	The allegations contained in paragraph 13 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

14.	The allegations contained in paragraph 14 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

15.	The allegations contained in paragraph 15 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

16.     The allegations contained in paragraph 16 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

17.     The allegations contained in paragraph 17 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

18.     The allegations contained in paragraph 18 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

19.     The allegations contained in paragraph 19 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

20.     The allegations contained in paragraph 20 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

21.     The allegations contained in paragraph 21 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

22.     The allegations contained in paragraph 22 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

23.     The allegations contained in paragraph 23 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

24.     The allegations contained in paragraph 24 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

25.     The allegations contained in paragraph 25 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

26.     Defendant denies the factual allegations contained in the first sentence of paragraph 26 of the Amended Complaint.  Defendant admits the factual allegations contained in the second sentence of paragraph 26 of the Amended Complaint.  Defendant is without

knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendant admits the factual allegations contained in the first sentence of paragraph 27 of the Amended Complaint.  Defendant admits that Dr. Geyer told Plaintiff that the Volpe Center might be willing to propose a CRADA between it and WPI.  Defendant denies the remaining allegations contained in paragraph 27 of the Amended Complaint.

28.     Answering the allegations in the first sentence of paragraph 28 of the Amended Complaint, Defendant admits that, on or about February 10, 2011, Plaintiff, Dr. Geyer, and Dr. Wang met with Volpe Center lawyer Felecia McBride to discuss what generally would be required for the Volpe Center to initiate a CRADA with another entity (a "collaborator"). Answering the allegations in the second sentence of paragraph 28 of the Amended Complaint, Defendant admits that Attorney McBride explained that, before she could even begin drafting a proposed CRADA (after which much more would be required), she would first need a draft technical Statement of Work ("SOW"), among other things.  Answering the allegations in the last sentence of paragraph 28 of the Amended Complaint, Defendant admits that, after the meeting, Dr. Geyer instructed the Plaintiff to write the first draft of the SOW and to email it to Dr. Wang, whom Dr. Geyer appointed as the technical point of contact for the potential CRADA. Defendant denies the remaining allegations contained in paragraph 28 of the Amended Complaint.

29.     Defendant admits that February 11, 2011 was Plaintiff's last day of employment. The remaining allegations contained in paragraph 29 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

30.     Admitted.

31.     The allegations contained in paragraph 31 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

32.     The allegations contained in paragraph 32 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

33.     Answering the allegations in the first sentence of paragraph 33 of the Amended Complaint, Defendant admits that Dr. Wang resisted the specific draft SOW proposed by the Plaintiff but otherwise denies the allegations.   Answering the allegations in the first bullet in paragraph 33 of the Amended Complaint, Defendant admits that Dr. Geyer was copied on many emails between Plaintiff and Dr. Wang but otherwise denies the allegations.  The allegations contained in the second bullet in paragraph 33 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.  Answering the allegations in the third bullet in paragraph 33 of the Amended Complaint, Defendant admits that the process of drafting a proposed CRADA (after which much more is required) cannot start without a draft SOW among other things, and that Attorney McBride would need a draft SOW, among other things, before she could start drafting a proposed CRADA.  Defendant denies the remaining allegations contained in paragraph 33 of the Amended Complaint.

34.     Defendant is without knowledge or information sufficient to admit or deny the factual allegations contained in paragraph 34 of the Amended Complaint.

35.     Defendant is without knowledge or information sufficient to admit or deny the factual allegations contained in the first sentence of paragraph 35 of the Amended Complaint. Defendant denies the remaining allegations contained in paragraph 35 of the Amended Complaint.

36.     Admitted.

37.     The allegations contained in paragraph 37 of the Amended Complaint do not relate to the only remaining claims and therefore require no response.

38.     Admitted.

39.     Admitted.

40.     Defendant admits that Plaintiff decided to use aircraft wake turbulence data for her thesis for her master's degree at WPI, that such data was available at the Volpe Center, and that Plaintiff performed research on such data as part of her employment at the Volpe Center. Defendant further admits that Plaintiff's master's degree thesis abstract was approved by Dr. Michael Geyer at the Volpe Center. Defendant is without knowledge or information regarding whether Dr. Geyer's approval of the abstract was required before it could be submitted to the Physics Graduate Committee at WPI for approval. Defendant denies the remaining allegations contained in paragraph 40 of the Amended Complaint.

41.     Defendant admits that Dr. Geyer approved Plaintiff's master's degree thesis abstract in or about April-May 2009. Defendant lacks knowledge or information regarding whether Plaintiff's abstract was submitted to the Physics Graduate Committee at WPI for approval.

42.     Defendant lacks knowledge or information regarding whether the Physics Graduate Committee at WPI approved Plaintiff's thesis abstract in July 2009.

43.     Denied.

44.     Admitted.

45.     Denied.

46.     Admitted.

47.     Admitted.

48.    Defendant admits the allegations in the first sentence of paragraph 48 of the Amended Complaint.  Defendant denies the remaining allegations contained in paragraph 48 of the Amended Complaint.

The remainder of the Amended Complaint is a prayer for relief to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

Defendant denies all allegations not expressly admitted herein.

WHEREFORE, Defendant respectfully requests that the Amended Complaint be dismissed, and for such other relief as the Court may find just and proper.

Respectfully submitted,

RAY H. LAHOOD
Secretary of Transportation

By his attorney,

CARMEN M. ORTIZ
United States Attorney

By:    */s/ Christine J. Wichers*
Christine J. Wichers
Assistant U.S. Attorney
One Courthouse Way
Boston, MA 02210
(617) 748-3278
christine.wichers@usdoj.gov

Date:  December 20, 2013


**Certificate of Service**

I certify that a copy of this document will be mailed to the pro se plaintiff on December 20, 2013.

*/s/ Christine J. Wichers*
Christine J. Wichers

7