UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ELIZABETH TYREE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 12-11605-RWZ |
| RAY H. LAHOOD, *Secretary,* *U.S. Department of Transportation*, | ) ) ) ) | |
| Defendant. | ) ) | |

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a Title VII case. The pro se Plaintiff, an engineer, worked as a paid intern for two years at the Volpe Center, which is part of the U.S. Department of Transportation. During her employment, Plaintiff also was enrolled in a master's degree program in physics at Worcester Polytechnic Institute ("WPI"). Plaintiff earned a salary and benefits while performing research at the Volpe Center. In addition, she used that research toward her master's thesis. When her employment ended in February 2011, she asked the Volpe Center if she could somehow continue her master's thesis research using Volpe Center data. The Volpe Center replied that it might be able to enter into a Cooperative Research and Development Agreement ("CRADA") with WPI under which Plaintiff could continue having access to non-public research data collected by the Volpe Center. However, the CRADA never materialized.

Plaintiff has two remaining claims. First, she alleges that, because of her race (African-American), gender, and/or national origin (Hispanic), the Volpe Center never intended to enter into a CRADA with WPI. Second, Plaintiff alleges that she was in a post-employment training program with the Volpe Center, which the Volpe Center terminated in November 2011 because of Plaintiff's race, gender, and/or national origin.

Defendant is entitled to summary judgment on the CRADA claim for three reasons.  First, the potential CRADA was an educational benefit, not an employment benefit, and Title VII protects former employees only from discriminatory employment actions.  Second, even if the hypothetical CRADA somehow could be viewed as an employment benefit, it was too speculative to constitute a materially adverse employment action.  Finally, there is no evidence that negotiations toward a potential CRADA ended because of discrimination.  On the contrary, the undisputed facts show that the Volpe Center representatives, Dr. Michael Geyer and Dr. Frank Wang, went out of their way to try to help Plaintiff after her employment ended, and the person who stopped the CRADA negotiations was Plaintiff.

Defendant is entitled to summary judgment on the training program claim for two reasons.  First, the alleged training program was an educational benefit, not an employment benefit.  Second, Plaintiff failed to exhaust her administrative remedies on this claim.

This motion is supported by Defendants' Statement of Undisputed Materials Facts, the Declaration of Christine Wichers, and a memorandum of law.

    Respectfully submitted,

    RAY H. LAHOOD
    Secretary of Transportation

    By his attorney,

    CARMEN M. ORTIZ
    United States Attorney

By: */s/ Christine J. Wichers*
    Christine J. Wichers
    Assistant U.S. Attorney
    One Courthouse Way
    Boston, MA 02210
    (617) 748-3278
    christine.wichers@usdoj.gov

Date:  December 23, 2013

## Local Rule 7.1 Certificate

I have not conferred with Plaintiff because Local Rule 7.1 requires only that "counsel" confer and Plaintiff is pro se.

> */s/ Christine J. Wichers*
> Christine J. Wichers

## Certificate of Service

I certify that a copy of this document will be sent to the pro se Plaintiff by regular mail on December 23, 2013.

> */s/ Christine J. Wichers*
> Christine J. Wichers