UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

ELIZABETH TYREE,                                  )
                                                  )
                        Plaintiff,                )
                                                  )
        v.                                        )        C.A. No. 12-11605-RWZ
                                                  )
RAY H. LAHOOD, *Secretary,*                       )
*U.S. Department of Transportation*,              )
                                                  )
                        Defendant.                )
_____  )

**REPLY BRIEF IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

        Defendant has moved for summary judgment on Plaintiff's two remaining claims:  (1) the

CRADA claim and (2) the training-program claim.  (DN 58.)  As explained below, Plaintiff's

Opposition fails to show why summary judgment should not enter on both claims.  (DN 64.)

**ARGUMENT**

**1.      Defendant Is Entitled to Summary Judgment on Plaintiff's CRADA Claim.**

        In his principal brief, the Defendant raised three arguments showing why he is entitled to

summary judgment on the CRADA claim.  First, the fact that no CRADA was entered into meant

Plaintiff lost a potential *educational* benefit, but she did not suffer an adverse *employment* action.

(DN 59 at 15-16.)  Plaintiff counters this argument by citing two cases:  Blackie v. State of

Maine, 75 F.3d 716, 725 (1st Cir. 1996), and Gerner v. County of Chesterfield, 674 F.3d 264,

267 (4th Cir. 2012).  (DN 64 at 1-2.)  Since neither of these decisions concerns the distinction

between educational benefits and employment benefits, Plaintiff's argument is unpersuasive.

Second, Defendant argued that Plaintiff's theory – that the hypothetical CRADA would have been approved and signed by all required parties, and that it would have enabled her to complete her master's thesis – is too speculative. (DN 59 at 16-17.) Plaintiff counters that the CRADA "would have been approved as originally intended." (DN 64 at 4.) In support of this assertion she cites Exhibits A and J to her Declaration. Exhibit A is an email exchange between Plaintiff and Dr. Wang dated March 13, 2009. (DN 64-1 at 2-3.) Exhibit J is an email exchange between Plaintiff and Dr. Geyer dated July 9, 2009. (DN 64-1 at 29.) Given that the possibility of a CRADA was not even mentioned until long thereafter, in February 2011 (see DN 60 at ¶¶ 18-20), these emails do not establish that the CRADA would have been approved and signed by all parties. Furthermore, Plaintiff has not countered Defendant's argument about the speculative nature of Plaintiff's allegation that she would have completed her master's thesis had the CRADA been in place. Indeed, the speculative nature of Plaintiff's assertion is underscored by the fact that three years have passed since Plaintiff's internship at the Volpe Center ended and she still has not developed a new abstract for her master's thesis or retaken her exams after failing them. (DN 60, ¶ 81.)

Third, the CRADA claim fails on the merits because both Drs. Geyer and Wang made efforts to promote the potential CRADA; there is no evidence that either of them harbored a discriminatory animus against Plaintiff or ever made a discriminatory comment; the amount of time during which Plaintiff and Dr. Wang worked on the SOW before Plaintiff terminated the process (five months) was not unduly long compared to the SOW-drafting process for past CRADAs entered into by the Volpe Center; and Plaintiff terminated the SOW drafting process because she was unhappy over edits proposed by Dr. Wang which were not, at least on their face, discriminatory or bogus. (DN 59 at 17-18.) Plaintiff counters that Dr. Wang took the SOW draft

prepared by the Plaintiff, which was based on her original master's thesis abstract, and proposed

changing it in a way that would have changed her thesis. (DN 64 at 4.) Even assuming this is

true, it is not evidence of discrimination. At worst, it is evidence of a disagreement between a

Ph.D. expert in wake turbulence and a graduate student about how to propose a collaborative

academic endeavor.

For any or all of these reasons, the Defendant is entitled to summary judgment on the

CRADA claim.

> **2.    Defendant Is Entitled to Summary Judgment on Plaintiff's
> Training Program Claim.**[1]

After the Court dismissed Plaintiff's Title VII termination claim because Plaintiff had

failed to contact an EEO counselor within 45 days after her employment ended (DN 32 at 7),

Plaintiff amended her complaint to add a claim that she participated in a post-employment

training program which allegedly was terminated in violation of Title VII. (DN 34.)

In his principal brief, the Defendant argued that he is entitled to summary judgment on

this claim for two reasons. First, just like the proposed CRADA, the alleged post-employment

training program was an educational benefit, not an employment benefit. (DN 59 at 19.)

Plaintiff counters that her employment and the training program "were one and the same." (DN

64 at 4.) This concession means that Plaintiff's training program claim fails for the same reason

that her termination claim has already been dismissed: both ended on February 11, 2011, and

Plaintiff did not contact an EEO counselor until more than 45 days thereafter, on August 10,

2011. (DN 60, ¶¶ 18, 61.)

---

[1] Although not mentioned in her Opposition, Plaintiff has attached to her declaration a document which she says "concern[ed] the Plaintiff's training program." DN 64-2 (referring to Exhibit L, DN 64-1 at 32-34). The document does not concern a training program. While a Volpe Fellow employed at the Volpe Center, Plaintiff applied for tuition reimbursement and this form granted her request. See Declaration of John Bonfiglioli (Exhibit A attached hereto).

Second, Defendant argued that Plaintiff had failed to exhaust her administrative remedies on the training-program claim.  (DN 59 at 19-20.)  Plaintiff counters that, when she spoke with an EEO counselor, she included a complaint about the termination of the training program.  (DN 64 at 5.[2])  Even assuming this is true, Plaintiff's claim still fails because she did not speak with an EEO counselor until more than 45 days after the training program ended.

## CONCLUSION

Defendant is entitled to summary judgment on both of Plaintiff's remaining claims.

Respectfully submitted,

RAY H. LAHOOD
Secretary of Transportation

By his attorney,

CARMEN M. ORTIZ
United States Attorney

By:  */s/ Christine J. Wichers*
Christine J. Wichers
Assistant U.S. Attorney
One Courthouse Way
Boston, MA 02210
(617) 748-3278
christine.wichers@usdoj.gov

Date:  February 28, 2014

---

[2] Plaintiff also appears to concede that her training-program claim is identical to her CRADA claim.  See DN 64 at 5.  In that case, her training-program claim fails for the same reasons that her CRADA claim fails.

## Certificate of Service

I certify that a copy of this document will be sent to the pro se plaintiff by regular mail and email on February 28, 2014.

*/s/ Christine J. Wichers*
Christine J. Wichers